MEMORANDUM **
David Caramanis appeals his conviction for conspiracy to manufacture, possess with intent to distribute, and distribute gamma-hydroxybutyric acid (GHB) in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
1. Caramanis argues that the government produced insufficient evidence at trial to show that he agreed to or knowingly assisted with the conspiracy and therefore that there was insufficient evidence to support his conviction. Caramanis concedes the existence of a conspiracy led by Sean McGrath; therefore the government need only have shown “substantial evidence of only a slight connection to the conspiracy to convict [Caramanis] for participation in the conspiracy.” See United States v. Pinkney, 15 F.3d 825, 827 (9th Cir.1994) (quoting United States v. Foster, 985 F.2d 466, 469 (9th Cir.1993)).
The government presented at trial substantial evidence of Caramanis’s connection to the conspiracy. Not including the evidence challenged by Caramanis as improperly admitted, as discussed below, the government presented (1) evidence that Caramanis stayed at and had free access to McGrath’s residence, at which 50 pounds of gamma butyrolactone (GBL)[1] and other evidence of the manufacture, possession, and distribution of GHB were found; (2) numerous documents relating to the manufacture and distribution of GHB that were found at McGrath’s residence in a dresser located in a bedroom in which Caramanis was known to have stayed; (3) an email found at McGrath’s residence regarding the purchase of GBL sent to a “Stephan Kirkorian,” an alias that Cara-manis acknowledged to have used in the past; and (4) testimony that Caramanis and McGrath had previously cooperated in the sale of GHB.
“ ‘[V]iewing th[is] evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime [of conspiracy] beyond a reasonable doubt.’ ” See United States v. Sullivan, 522 F.3d 967, 974 (9th Cir.2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We therefore hold that sufficient evidence supported Cara-manis’s conspiracy conviction.
2. Caramanis also argues that the district court improperly denied his motion to suppress evidence seized from his wallet in his presence during a search of McGrath’s residence on July 1, 2004, as well as the fruits of that evidence. This evidence included a paper listing an email address connected with McGrath’s method for obtaining GBL, a receipt for a money order made from a mailbox store known to have received shipments of GBL, and copies of money orders purchased by a “Stephan Kirkorian” from that same mailbox store. Caramanis argues that the search warrant for McGrath’s house did not authorize the search of his wallet and that the seizure of the evidence contained in his wallet therefore violated the Fourth Amendment.
We need not reach the merits of Cara-manis’s argument because we conclude that, assuming without deciding that this evidence was improperly admitted, its admission did not “contribute to the verdict” and that any error by the district court *649 was harmless beyond a reasonable doubt. United States v. Bishop, 264 F.3d 919, 927 (9th Cir.2001). As described above, the jury was presented with abundant other evidence that independently established Caramanis’s connection to the conspiracy. See Pinkney, 15 F.3d at 827. In light of this evidence, any error in admitting the challenged evidence was “unimportant in relation to everything else the jury considered on the issue in question....” Yates v. Evatt, 500 U.S. 391, 403, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991), overruled in part on other grounds by Estelle v. McGuire, 502 U.S. 62, 72 n. 4, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Therefore, assuming without deciding that the district court erred in denying Caramanis’s motion to suppress, we hold that any such error was harmless.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. GBL is the main chemical ingredient used to manufacture GHB.